**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEN KOPECKI** | : | **Civil Action No.** |
| **1105 Delaware Avenue** | : | |
| **Allentown, PA 18103** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **SIEMENS INDUSTRY, INC.** | : | |
| **1450 Union Meeting Road** | : | |
| **Blue Bell, PA 19422** | : | |
| | : | |
| **300 New Jersey Avenue, Suite 1000** | : | |
| **Washington, D.C. 20001** | : | |
| **Defendant.** | : | |

**<u>CIVIL ACTION</u>**

      Plaintiff, Ken Kopecki (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Siemens Industry, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), as well as for wrongful termination arising under Pennsylvania Common Law. In support thereof, Plaintiff avers as follows:

**<u>THE PARTIES</u>**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Siemens Industry, Inc. is an industrial manufacturing company

with a location at 1450 Union Meeting Road, Blue Bell, PA 19422 and with a headquarters located at 300 New Jersey Avenue, Suite 1000, Washington, D.C. 20001.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2019-05617 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Notice") relative to the Charge and that Notice is dated March 26, 2020.  However, neither Plaintiff nor his counsel received the Notice and it is because, upon information and belief, the EEOC did not send the Notice out during the COVID-19 pandemic.  The EEOC sent the Notice to Plaintiff's counsel on October 8, 2020.  Plaintiff received the Notice by e-mail to his counsel.

16. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice in this matter.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On July 8, 2013, Defendant hired Plaintiff for the position of Field Technician II.

21. Plaintiff was well-qualified for said position, and at all times relevant hereto performed his duties in a satisfactory manner.

22. On September 28, 2016, while driving Defendant's vehicle for work-related travel, Plaintiff was involved in an automobile accident caused by a distracted driver.

23. Plaintiff immediately informed David Stephenson ("Mr. Stephenson"), Service Supervisor, of same and thereafter went to the hospital to receive treatment for his injuries.

24. In connection thereto, on or about September 29, 2016, Plaintiff filed a worker's compensation claim with Travelers Insurance, Defendant's third-party benefits administrator.

25. Following the car accident, Plaintiff began to suffer from numbness and tingling in his hands, followed by severe pain which radiated down his arms and into his hands.

26. Thereafter, Dr. Gerald J. Foti ("Dr. Foti"), Orthopedic Surgeon, diagnosed Plaintiff with multiple herniated discs in his neck.

27. Said medical condition is a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs the functioning of his musculoskeletal system and one or more of

Plaintiff's major life activities, including, but not limited to, lifting and performing manual tasks.

28. At all times relevant hereto, Defendant was aware of Plaintiff's disability and/or record of impairment and/or perceived him as disabled.

29. Following Plaintiff's accident, Defendant embarked on a campaign of discrimination and pattern of ongoing antagonism related to his disability and associated filing of a worker's compensation claim.

30. By way of example, Mr. Stephenson and Chris Charron ("Mr. Charron"), District Manager, told Plaintiff that he was the reason Defendant would not reach their financial goals and that employees would not be receiving a holiday bonus. Said comments were a direct reference to Plaintiff's disability and filing of a worker's compensation claim and clearly demonstrated the Defendant's discriminatory animus.

31. By way of further example, after Plaintiff's car accident and diagnoses, Defendant began to purposely assign him longer shifts and more physically demanding assignments in an attempt to force Plaintiff to terminate his employment.

32. Moreover, although it had been Defendant's policy to pay Field Technicians for travel time that exceeded thirty (30) minutes, Defendant increased the threshold first to sixty (60) minutes and then later to ninety (90) minutes of travel.  Notably, Defendant was aware that Plaintiff was the only Field Technician affected by this change in policy as he lived at the farthest end of the district and had the longest commute. As a result, Plaintiff was denied compensation that he had received prior to the automobile accident, and other non-disabled Field Technicians who had not filed worker's compensation claims were not similarly denied compensation for their travel time.

33. Furthermore, Defendant refused to provide Plaintiff with opportunities for promotion. In connection thereto, on or around June 15, 2017, Plaintiff registered a complaint of discrimination and retaliation with Ken LNU, Human Resource Business Consultant. Notwithstanding said complaint, Defendant failed and refused to take any corrective action.

34. In a further attempt to create intolerable working conditions, beginning in or about mid-2017 and continuing through early 2018, because of Plaintiff's disability and worker's compensation claim, Defendant caused the other Field Technicians to stop assisting Plaintiff in his job duties as would have been expected.

35. Although Plaintiff complained to Mr. Stephenson on multiple occasions regarding same, Defendant failed and refused to remedy the situation.

36. In March of 2018, as a reasonable accommodation for his disability, Plaintiff requested a medical leave of absence to undergo and recover from a surgery he required as treatment.

37. On March 19, 2018, Dr. Foti performed a cervical fusion surgery on Plaintiff.

38. On March 21, 2018, Plaintiff received an inadvertent email from Mr. Charron stating, "Yep will do. Just an FYI Kopecki is done.  Not bringing him back from disability…he's a dog."  A copy of the e-mail is attached hereto as Exhibit A.

39. Notwithstanding Mr. Charron's admission that Defendant had no intention of returning Plaintiff to his position of employment, Plaintiff remained on medical leave throughout his recovery from surgery until Dr. Foti authorized Plaintiff to return to work on May 24, 2019.

40. Plaintiff advised Defendant that he was medically able to return to work and requested the reasonable accommodations of no lifting, pulling, pushing or carrying weight over twenty five (25) pounds, and limited turning of his head.

41. In response thereto, Defendant flatly refused to provide Plaintiff with his reasonable accommodations and utterly failed to engage in the interactive process, thereby terminating his employment with Defendant.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because he was regarded as and/or perceived by Defendant and its agents as being disabled.

44. Plaintiff was qualified to perform the job.

45. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

46. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

47. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

48. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

49. The purported reason for Defendant's decision is pretextual.

50. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

51. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

52. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because he was regarded as and/or perceived by Defendant and its agents as being disabled.

55. Plaintiff was qualified to perform the job.

56. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

57. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

58. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

59. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

60. The purported reason for Defendant's decision is pretextual.

61. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

62. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

63. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT)
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. By the conduct set forth above of Defendant, engaged in unlawful employment discrimination.

66. Taken together, the acts outlined above constitute a hostile work environment based on disability.

   a. Plaintiff suffered intentional discrimination because of his membership in a protected class – disabled.

   b. Such discrimination was severe, pervasive, and regular.

   c. Such discrimination detrimentally affected Plaintiff.

   d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

67. There existed in Defendant *respondeat superior* liability because the harassment was created by a supervisor with authority over Plaintiff and was above Plaintiff in the chain of command.

68. The unlawful employment practices outlined above were intentional.

69. Defendant is not entitled to an affirmative defense.

70. Defendant knew or should have known of the disability harassment.

71.  Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

72. As a result of Defendants' actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

73. The above described acts of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

74. Said acts of Defendant were committed by and through its senior management employee within his employment relationship with Defendant.

75. The extreme and outrageous acts of Defendants merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – DISABILITY DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT)
## PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. By the conduct set forth above of Defendant, engaged in unlawful employment discrimination.

78. Taken together, the acts outlined above constitute a hostile work environment based on disability.

    a.  Plaintiff suffered intentional discrimination because of his membership in a protected class – disabled.

    b.  Such discrimination was severe, pervasive, and regular.

    c.  Such discrimination detrimentally affected Plaintiff.

    d.  Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

79. There existed in Defendant *respondeat superior* liability because the harassment was created by a supervisor with authority over Plaintiff and was above Plaintiff in the chain of command.

80. The unlawful employment practices outlined above were intentional.

81. Defendant is not entitled to an affirmative defense.

82. Defendant knew or should have known of the disability harassment.

83. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

84. As a result of Defendants' actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

85. The above described acts of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

86. Said acts of Defendant were committed by and through its senior management employee within his employment relationship with Defendant.

87. The extreme and outrageous acts of Defendants merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

88. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

89. Plaintiff engaged in activity protected by the ADA when he reported disability discrimination and requested a reasonable accommodation.

90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

91. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

92. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

93. Plaintiff engaged in activity protected by the PHRA when he reported disability discrimination and requested a reasonable accommodation.

94. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

95. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

## COUNT VII – WRONGFUL TERMINATION

96. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

97. Plaintiff was an at-will employee with Defendant.

98. Defendant terminated Plaintiff in retaliation for pursuing, inquiring, and/or exercising his rights under the Pennsylvania Workers' Compensation Act.

99. This is a violation of the common law at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ken Kopecki, requests that the Court grant him the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, PHRA and the at-will employment doctrine.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: January 6, 2021                     **By:**    **/s/ David M. Koller**
                                                  David M. Koller, Esquire (90119)
                                                  2043 Locust Street, Suite 1B
                                                  Philadelphia, PA 19103
                                                  215-545-8917
                                                  davidk@kollerlawfirm.com

                                                  *Counsel for Plaintiff*